FILED

JUL 09 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No. WW-13-1391-JuKuPa |
| GURPREET KAUR, | Bk. No. 12-16490-MLB |
| Debtor. | Adv. No. 12-01872-MLB |
| GURPREET KAUR, | |
| Appellant, | |
| v. | M E M O R A N D U M[*] |
| PARDEEP RATHINAM; SHARMILA RATHINAM; SATWANT SINGH; DHALIWAL REAL ESTATE LLC, | |
| Appellees. | |

Submitted Without Oral Argument
on June 26, 2014[**]

Filed - July 9, 2014

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Marc L. Barreca, Bankruptcy Judge, Presiding

Appearances: Masafumi Iwama, Esq., on brief for appellant Gurpreet Kaur; John H. O'Rourke, Esq. on brief for appellees Pardeep and Sharmila Rathinam, Satwant Singh and Dhaliwal Real Estate LLC.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**] On May 15, 2014, this Panel entered an order determining that this appeal was suitable for submission without oral argument.

-1-

Before: JURY, KURTZ, and PAPPAS, Bankruptcy Judges.

Chapter 11[1] debtor Gurpreet Kaur owned real property in Kent County, Washington comprised of two tax parcels (Property). Debtor's home was on one acre designated as Parcel A and the contiguous four acres were designated as Parcel B. Debtor claimed a homestead exemption on Parcels A and B and filed an adversary proceeding[2] seeking to avoid the judgment lien of Pardeep and Sharmila Rathinam (Rathinams), Satwant Singh (Satwant) and Dhaliwal Real Estate, LLC (Dhaliwal) (collectively, Appellees) pursuant to § 522(f). Debtor then moved for summary judgment. In response, Appellees argued, among other things, that Parcel B was not reasonably necessary for the use and occupancy of debtor's homestead under <u>John Hancock Mut. Life Ins. Co. v. Wagner</u>, 174 Wash. 185, 24 P.2d 420 (Wash. 1933).

Debtor later discovered that Appellees had not recorded their judgment. Therefore, under Washington law, no lien attached to her Property. Further, her personal liability on the debt had been discharged in a previous chapter 7 case. Debtor moved to dismiss the adversary proceeding, which the bankruptcy court denied for reasons not apparent from the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532 and Rule references are to the Federal Rules of Bankruptcy Procedure.

[2] Rule 4003(d) provides that a proceeding by the debtor to avoid a lien under § 522(f) shall be by motion in accordance with Rule 9014. Appellees did not object to debtor proceeding by adversary complaint rather than by motion. Regardless, no due process issues are triggered, since the adversary accords more due process than a motion.

-2-

record.

Thereafter, the court held a trial to determine whether debtor was entitled to claim Parcel B as part of her homestead exemption. Without addressing the lien perfection issue, the bankruptcy court issued its findings of fact and conclusions of law, finding that debtor was entitled to claim Parcel A as exempt, but that Parcel B was not reasonably necessary for the use and enjoyment of her home as a dwelling under the holding in Hancock. The court entered judgment in favor of debtor with respect to Parcel A and in favor of Appellees with respect to Parcel B. This appeal followed. For the reasons discussed below, we VACATE the judgment of the bankruptcy court and REMAND this matter with instructions that the bankruptcy court dismiss this adversary proceeding.

## I.  FACTS[3]

### A.  The Purchase And Sale Agreement

In November 2006, Dhaliwal, through its managing member, Satwant, offered to purchase the Property from the then-owner, Harbhajan Singh (Harbhajan). Harbhajan agreed to sell the Property for $1,615,000 and, as part of the agreement, Dhaliwal was required to pay a $200,000 earnest money deposit which would be applied to the purchase price. An addendum to the agreement stated that the earnest money deposit would become nonrefundable after a certain date. According to the agreement, the closing

---

[3] We take judicial notice of various pleadings and documents in this case and the adversary proceeding because the record on appeal is incomplete. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

-3-

would occur in August 2007 and was conditioned on two contingencies: (1) the land had to be subdivisible and (2) the subdivision had to yield at least seventeen lots.

Because Harbhajan could not speak English, Satwant helped prepare the subdivision plan and preliminary approval was granted by the City of Kent. During the development process, the Rathinams became parties to the purchase and sale agreement through an assignment by Dhaliwal. In connection with the purchase and sale, Appellees made a downpayment of $500,000, $200,000 of which was the earnest money deposit. It is unclear from the record whether the Rathinams paid the entire amount. Ultimately, the transaction did not close and none of the money was refunded.

**B.    The State Court Lawsuits And Transfer Of The Property**

Appellees commenced a lawsuit against Harbhajan in the King County Superior Court seeking the return of their $500,000 downpayment. They obtained a judgment against him by default in the amount of $501,735.

In late October 2008, debtor purchased the Property from Harbhajan. In connection with the purchase, debtor obtained a loan from Provident Funding Associates, LP (Provident) in the amount of $417,000 which is evidenced by a promissory note secured by a first deed of trust against the Property (both Parcels A and B). Debtor has been living on the Property since August 2004 with her extended family members, including Harbhajan, who is debtor's father.

After learning about the transfer of the Property, Appellees commenced an action against Harbhajan, his wife, and

-4-

debtor in the King County Superior Court, seeking to avoid the alleged fraudulent transfer of the Property from Harbhajan to debtor and alleging that debtor had received $200,000 of the $500,000 downpayment (Case No. 09-2-15396-5KNT). In April 2010, Appellees obtained a judgment by default against debtor in the amount of $200,000 and the superior court avoided the transfer of the Property (the April 2010 Judgment).

**C.   Debtor's Chapter 7 And Chapter 13 Cases**

Shortly after, on September 21, 2010, debtor filed a chapter 7 petition (Case No. 10-21208-MLB). In Schedule A, debtor valued the Property at $350,000 and identified it as her residence. Debtor listed the Rathinams as secured creditors against the Property. In Schedule C, she claimed the federal homestead exemption. Debtor obtained her discharge on January 19, 2011.

Prior to her discharge, on January 9, 2011, debtor filed a chapter 13 case, this time claiming state exemptions in Schedule C. That case was dismissed for failure to make plan payments.

In January 2012, upon Appellees' motion, the bankruptcy court reopened debtor's chapter 7 case so that they could file an adversary proceeding seeking to revoke debtor's discharge under § 727(d)(1) and (2). Upon debtor's motion, the bankruptcy court granted partial relief in her favor, dismissing the § 727(d)(2) claim entirely and dismissing Satwant and Dhaliwal as parties to the § 727(d)(1) claim. After a trial on the § 727(d)(1) claim, the bankruptcy court denied revocation and upheld debtor's discharge order in its findings of fact and

-5-

1  conclusions of law entered on August 7, 2012.  With her § 727
2  discharge intact, debtor's personal liability on the debt owed
3  to Appellees was discharged.

**D.   Debtor's Chapter 11 Case**

Meanwhile, Provident commenced foreclosure proceedings against the Property.  Debtor filed a chapter 11 case on June 21, 2012, to stop the proceedings.  In Schedule A, debtor valued the Property at $408,000.  She characterized Parcel B as wetlands having no value and she indicated the Property was encumbered by approximately $501,000 of secured claims.  She again listed the Rathinams as secured creditors against the Property.  In Schedule C, she claimed the federal homestead exemption.

On October 4, 2012, debtor filed an adversary proceeding seeking to avoid Appellees' judgment lien arising out of the April 2010 Judgment.  Debtor maintained that the lien impaired her homestead exemption within the meaning of § 522(f).

Debtor then filed a motion for summary judgment (MSJ) on the lien avoidance issue, which the bankruptcy court denied on February 4, 2013.  In opposition to the MSJ, Appellees argued that Parcel B, which was vacant land, was not necessary for the use and occupancy of debtor's homestead under Hancock.

On January 15, 2013, debtor filed amended Schedules A and C.  In Schedule A, she valued the Property at $600,000.  She again characterized Parcel B as wetlands having no value and she again indicated the Property was encumbered by approximately $501,000 in secured claims.  In Amended Schedule C, she claimed the state law homestead exemption.

-6-

Debtor later discovered that Appellees had never recorded the judgment at the King County Recorder's Office. On February 11, 2013, debtor moved to dismiss the adversary proceeding on the grounds that the judgment did not attach to her homestead under Wash. Rev. Code (RCW) 6.13.090[4] and thus there was no controversy for the court to decide. The bankruptcy court denied her motion by order entered on March 28, 2013, for reasons not apparent from the record.[5]

On May 6, 2013, the bankruptcy court held a trial to determine the exact portion of debtor's property covered by the homestead exemption. At the commencement of trial, the court observed that it was the lien claimant's burden to show that they actually had a lien. The court later stated:

> I can't read [RCW] 6.13.090 as anything other than saying, if you don't record the judgment, you don't have a lien against real property, even if it's in the county where the judgment was taken. That's just how [RCW] 6.13.090 works. That's always been my understanding of it. I didn't see any case law cited to me that may be in the exception for that. I think the thing that is missing in the defendants' analysis on that is the discharge injunction stays from you now recording it. So if it wasn't recorded and I do determine that both parcels are homestead, then as I

---

[4] RCW 6.13.090 states in relevant part:

A judgment against the owner of a homestead shall become a lien on the value of the homestead property in excess of the homestead exemption from the time the judgment creditor records the judgment with the recording officer of the county where the property is located. . . ."

[5] There is no transcript of the hearing on the motion to dismiss in the record or on the docket and the order denying debtor's motion does not contain findings of fact or conclusions of law. Therefore, we are unable to discern the precise basis for the bankruptcy court's decision to deny debtor's motion.

-7-

> see it, there's just no lien there, and I could enter a judgment declaring that there is no lien against that property, and then your client's precluded -- because I already determined the debt's dischargeable, you'd be precluded from then recording the judgment lien because of the discharge injunction.

Without further discussion or argument on the lien perfection issue, the matter proceeded to trial on whether Parcel B was included in debtor's homestead.

During the trial, debtor testified that she and her family utilized the entire property for their residence. Her driveway begins at the west boundary of Parcel B and ends at the northeast corner of Parcel A. The driveway is the only practical means of access to her residence. There are two appurtenant buildings located on Parcel B, one of which is served by an electric power line attached to the residence. This structure is used as a storage shed. The other structure is a goat house where debtor keeps her two goats. She keeps a garden and maintains fruit trees on the portion of her property designated as Parcel B. Parcel B also includes a wetland where debtor and her family pick berries and where her children often play. She parks her commercial vehicles on Parcel B, which affords her additional recreational area for her family.

The bankruptcy court issued its ruling on June 6, 2013, where it found in debtor's favor as to Parcel A. However, relying on the Washington Supreme Court's <u>Hancock</u> decision, the court found that the homestead exemption did not cover Parcel B because it was not reasonably necessary for debtor's use and enjoyment of her home as a dwelling. The court found that although debtor used Parcel B for storage, for gardens, to house

-8-

her two goats and as a recreation area for children and pets, those uses did not make Parcel B reasonably necessary for the use of the dwelling as her home. The court further opined that debtor could relocate those activities to Parcel A because Parcel A was sufficient in size to accommodate those activities.

On July 31, 2013, the bankruptcy court entered the judgment which states, among other things: "Defendants are also granted judgment in their favor as to continued attachment of the stated judgment lien as to Parcel B because Plaintiff has no exemption in Parcel B . . . ." Debtor timely appealed from this portion of the judgment.

## II.  JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(B). We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUE

Whether the bankruptcy court erred by holding a trial on the scope of debtor's homestead exemption when there was no case or controversy before it.

## IV.  STANDARD OF REVIEW

Whether the case or controversy requirement has been met is a question of law. We review questions of law de novo. Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007).

## V.  DISCUSSION

The bankruptcy court as a unit of the Article III district court is a court of limited jurisdiction and is bound by the requirement that, as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95,

-9-

1   101 (1983); see also Day v. Klingler (In re Klingler), 301 B.R.
2   519, 522-23 (Bankr. N.D. Ill. 2003) ("The limits Article III
3   imposes on federal jurisdiction apply equally to bankruptcy
4   courts."). If the bankruptcy court does not have an actual case
5   or controversy before it, it has no power to hear the matter in
6   question. In re Klinger, 301 B.R. at 523. The
7   case-or-controversy requirement subsists through all stages of
8   federal judicial proceedings, which means that the parties must
9   continue to have a personal stake in the outcome of the lawsuit.
10  Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974).
11       The requirement that a claimant have "standing is an
12  essential and unchanging part of the case-or-controversy
13  requirement of Article III." See Lujan v. Defenders of
14  Wildlife, 504 U.S. 555, 560 (1992). To qualify for standing, a
15  claimant must present an injury that is concrete,
16  particularized, and actual or imminent; fairly traceable to the
17  defendant's challenged behavior; and likely to be redressed by a
18  favorable ruling. Id. at 560-61. "We are obliged to examine
19  standing sua sponte where standing has erroneously been assumed
20  below." Adarand Constructors, Inc. v. Mineta, 534 U.S. 103, 110
21  (2001) (per curiam) (citing Steel Co. v. Citizens for a Better
22  Environment, 523 U.S. 83, 95 (1998)). In Steel Co., the United
23  States Supreme Court went on to say: "'[When the lower federal
24  court] lack[s] jurisdiction, we have jurisdiction on appeal, not
25  of the merits but merely for the purpose of correcting the error
26  of the lower court in entertaining the suit.'" 523 U.S. at 95.
27       Here, the case or controversy requirement was not met when
28  debtor filed her adversary complaint. Instead, the parties and

-10-

the bankruptcy court proceeded under the false assumption that Appellees had recorded their judgment and thus there was a judicial lien against debtor's Property subject to avoidance under § 522(f).  However, in the context of her motion to dismiss, debtor showed that Appellees' judgment lien never attached to her Property because they failed to record it.  See RCW 6.13.090; Mehl v. Roberts (In re Deal), 933 P.2d 1084, 1086-87 (Wash. Ct. App. 1997) (judgment creditor who wishes his or her judgment to attach to the value of a homestead in excess of the homestead exemption need only record the judgment under RCW 6.13.090).  Because the judgment lien did not attach to debtor's Property, there was no lien to avoid.  Consequently, debtor had no injury in fact.  It follows that the adversary proceeding could give her no more than what she already had — a homestead exemption that was not impaired by Appellees' judicial lien.  See Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit").

Appellees fare no better.  Because Appellees had not recorded their judgment in conformance with Washington law, their lien never attached to debtor's Property and thus they were not secured creditors in debtor's chapter 11 case. Further, because debtor's personal liability on the underlying debt had already been discharged in her prior chapter 7 case, they were not unsecured creditors in debtor's chapter 11 case. As a result, they did not have standing to challenge the

-11-

validity of debtor's homestead exemption[6] nor did they meet the conditions under the broader constitutional standing test. See Rule 4003(d) (stating that a "creditor" may object to a motion filed under § 522(f) by challenging the validity of the exemption asserted to be impaired by the lien); Lujan, 504 U.S. at 560-61.

In sum, there was no dispute between the parties that could support the case or controversy requirement. Since there was no dispute, the bankruptcy court should have dismissed the adversary proceeding, as it had no power to hear the matter. The bankruptcy court compounded the error by granting judgment in Appellees' favor "as to the continued attachment of the judgment lien," even though Appellees never recorded their judgment as required for attachment under Washington law.

### VI. CONCLUSION

Accordingly, we VACATE the judgment of the bankruptcy court and REMAND this matter with instructions that the bankruptcy court dismiss this adversary proceeding.

---

[6] Here, Appellees raised the objection to the claim of exemption as an affirmative defense to the § 522(f) avoidance. Their need for standing is no different than if they had affirmatively objected to the exemption under Rule 4004(b) which states that a "party in interest" may file an objection to the list of property claimed exempt. See Brown v. Sobczak (In re Sobczak), 369 B.R. 512, 517-18 (9th Cir. BAP 2007) (a "party in interest" is a party that has a pecuniary interest in the matter or that has a practical stake in the resolution of the matter). As they were neither secured nor unsecured creditors, Appellees had no pecuniary interest or practical stake in the outcome of a dispute over the validity of debtor's exemption.

-12-